IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CITIZENS FOR A CLEAN SOUTHWEST ALABAMA, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 11-342-CG-C |
| CONECUH COUNTY COMMISSION, et al., | ) ) ) ) ) | |
| Defendants | ) | |

# ORDER

This matter is before the court on plaintiffs' motion for Remand (Doc. 41) and plaintiffs' motion to Stay Filing of Objections to Magistrate Judge's Report and Recommendation and for Expedited Ruling (Doc. 42). Under the circumstances, the court finds it appropriate to grant plaintiffs' motions.

On June 27, 2011, and July 15, 2011, defendants filed motions to dismiss plaintiffs' federal due process claims in Counts IV and V of plaintiffs' Complaint. (Docs. 3, 10). On November 7, 2011, the Magistrate Judge entered his Report and Recommendation recommending that plaintiffs' federal due process claims in Counts IV and V be dismissed without prejudice and that plaintiffs' remaining state claims be remanded to the Circuit Court of Conecuh County. (Doc. 39). Objections to the Report and Recommendation are due by November 21, 2011, and then the parties would have up to 14 days thereafter to file a

reply. FED. R. CIV. P. 72(b)(2) 4. However, on November 10, 2011, plaintiffs filed a Notice of Dismissal of their federal due process claims in Counts IV and V. (Doc. 40). Plaintiffs now move to remand the remaining state claims, and believe this obviates the need for objections and replies to the report and recommendation.

"Congress has conferred upon district courts the discretion to 'decline to exercise supplemental jurisdiction over a claim under subsection (a) [of 28 U.S.C. § 1367] if the district court has dismissed all claims over which it has original jurisdiction.'" Sanders v. Horton, 2009 WL 792549, *1 (S.D. Ala. Mar. 23, 2009), quoting 28 U.S.C. § 1367(c)(3) (other citations omitted). Where § 1367(a) applies, "considerations of judicial economy, convenience, fairness and comity may influence the court's discretion to exercise supplemental jurisdiction." Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997) (citations omitted). The court finds that in cases such as this "[s]tate courts, not federal courts, should be the final arbiters of state law." Baggett, supra, 117 F.3d at 1353 (citation omitted).

The court notes that defendant, Conecuh Woods LLC, stated the following in its motion to dismiss:

> If the Court dismisses the federal claims, the State-law claims
> should be dismissed under 28 U.S.C. § 1367(a) or supplement jurisdiction
> declined and the claims remanded under 28 U.S.C. § 1367(c)(1) and (3).

(Doc. 10, p. 3). Thus, at least one defendant advocates remand of the remaining state law claims.

In light of the above, the court finds it appropriate to decline to exercise supplemental jurisdiction over plaintiffs' state law claims. Considerations of judicial

2

economy, convenience, fairness and comity call for the state court to be the final arbitrator of the remaining claims in this case.

## CONCLUSION

For the reasons stated above, plaintiffs' Motion for Remand (Doc. 41) and plaintiffs' Motion to Stay Filing of Objections to Magistrate Judge's Report and Recommendation and for Expedited Ruling (Doc. 42) are **GRANTED** and this case is hereby **REMANDED** to the **Circuit Court of Conecuh County**.

**DONE and ORDERED** this 16th day of November, 2011.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE